UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN WOODRING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  1:16-cv-2855 |
| ) | |
| COMMISIONER, INDIANA ) | |
| DEPARTMENT OF CORRECTION, ) | |
| ) | |
| Defendant. ) | |

**Complaint for Declaratory and Injunctive Relief**

**Introduction**

1.     Brian Woodring is a Jewish prisoner who has been committed to the custody of the Indiana Department of Correction ("DOC"), although he is currently being housed at the New Castle Correctional Facility, which is operated by the GEO Corporation. Nevertheless, he is subject to a DOC-wide policy that allows Jewish prisoners to receive kosher-for-Passover meals during the eight days of the Jewish Passover holiday only if they are already authorized to receive and are receiving kosher meals prior to the holiday. Mr. Woodring has previously received a kosher diet, although he does not now.  Nevertheless, he sincerely believes that as a Jew he must keep kosher for the Passover holiday and receive kosher-for-Passover meals. The DOC policy that prohibits this violates the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.*  Appropriate injunctive and declaratory relief must issue.

**Jurisdiction, venue, cause of action**

2.     This Court has jurisdiction over Mr. Woodring's claim pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Rule 57 of the Federal Rule of Civil Procedure.

5. Mr. Woodring brings his claim pursuant to 42 U.S.C. § 2000cc-2(a).

**Parties**

6. Brian Woodring is an adult confined to the New Castle Correctional Facility located in New Castle, Indiana.

7. The Commissioner of the Indiana Department of Correction is the duly appointed head of the DOC and he is sued in his official capacity pursuant to Federal Rules of Civil Procedure 17(d).

**Facts**

8. Brian Woodring was convicted of criminal offenses and sentenced to the DOC.

9. He has been housed in a number of DOC facilities.

10. Since June 28, 2016, he has been confined in the New Castle Correctional Facility, a facility housing DOC prisoners, but operated by a private company, the GEO Corporation.

11. Nevertheless, the New Castle Correctional Facility is subject to all DOC policies.

12. Brian Woodring is Jewish.

13. Many Jews believe that they are obligated by their religion to obey the food laws of kashrut or kosher, which prohibit certain foods from being ingested and which prohibit the mixing of meat and milk products and impose numerous requirements to avoid contamination of dishes and utensils serving food.

14. For a period of time a number of years ago the DOC provided kosher meals to prisoners whose sincere religious beliefs mandated such meals.

15. The kosher requirements were met by serving prepackaged meals that frequently contained kosher meats.

16. Kosher meals were discontinued by the DOC for a period of time but were reinstated following a Judgment in December of 2010 that required the DOC to supply a kosher meal option. *Willis v. Commissioner, Indiana Dep't of Corr.*, No. 1:09-cv-815 JMS-TAB (S.D. Ind. Dec. 8, 2010).

17. In the past Mr. Woodring applied for, and received, a kosher diet from the DOC as he believes he is required to eat kosher as an observant Jew if he is able to do so.

18. In 2014 the DOC created what it asserts are kosher kitchens in a number of DOC facilities. These kitchens serve meals that the DOC has designated as kosher. However, no meat is served. Instead, textured vegetable protein is served as a meat substitute in all kosher meals made in the kosher kitchens.

19. In 2014 Mr. Woodring was transferred from the Pendleton Correctional Facility, where he was receiving the prepackaged kosher meals, to Wabash Valley Correctional Facility where he was served kosher meals from a designated kosher kitchen that provided only textured vegetable protein as a substitute for all meat.

20. The textured vegetable protein caused severe gastric and intestinal problems for Mr. Woodring and he withdrew from the kosher diet because of the severe discomfort it was causing him.

21. Passover is an eight-day Jewish festival or holiday in the Spring that commemorates the liberation of Jews by God from slavery in Egypt and their escape from Egypt under the leadership of Moses as told in Exodus in the Hebrew Bible.

22. There are special kosher food rules for Passover so that food that is kosher the rest of the year may not be kosher for Passover.

23. Chief among these is that leavened and fermented grain products are prohibited as when the Jews left Egypt they did so with such haste that they did not have time to let any bread rise.

24. Therefore, during Passover Jews eat an unleavened bread called matzah and they do not eat any wheat, oats, rye, barley, or spelt that has had contact with water or moisture for more than a brief period of time to ensure that no leavening or yeast has been produced.

25. There are other special kosher rules during Passover.

26. It is not unusual for Jews who do not keep kosher during the year to eat matzah and avoid leavened products during Passover.

27. Even though Brian Woodring no longer receives the kosher diet he wishes to observe the kosher-for-Passover rules and desires to receive kosher-for-Passover meals during the eight-day holiday. He believes he is obligated by his religion to keep kosher for Passover.

28. The DOC does provide kosher-for-Passover meals to prisoners during Passover. These include the provision of matzah, instead of bread, and also provide other foods that are kosher for Passover. The food is pre-packaged with the exception of the matzah, which is separately delivered in boxes to the prisoners.

29. However, DOC policy is only to provide these meals to persons who are approved for, and receive, a kosher diet during the remainder of the year.

30. Indeed, the DOC provides kosher-for-Passover meals to all prisoners receiving kosher diets, even to non-Jewish prisoners who receive kosher diets.

31. Mr. Woodring requested that he receive a kosher-for-Passover diet during Passover in 2016, after he ceased receiving a kosher diet during non-Passover times of the year.

32. He was refused a kosher-for-Passover diet because DOC policy only provides a kosher-for-Passover diet to prisoners who are approved for, and receiving, a kosher diet during the non-Passover portions of the year.

33. Mr. Woodring has a sincere religious belief that he is obligated to eat a kosher-for-Passover diet and the failure to provide him one is imposing a substantial and unjustified burden on his religious exercise.

34. Mr. Woodring has fully exhausted all grievances to challenge the failure to provide him with a kosher-for-Passover diet.

35. Mr. Woodring is being caused irreparable harm for which there is no adequate remedy at law.

36. The DOC receives federal financial assistance and is therefore subject to RLUIPA.

**Claim for relief**

37. The failure of the DOC to allow Mr. Woodring to receive a kosher-for-Passover diet during the Passover holiday violates the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000CC, *et seq.*

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

a. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b. Declare that the actions and inaction of the defendant have violated plaintiff's rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.*

c. Enter a preliminary injunction, later to be made permanent, requiring defendant to provide plaintiff with a kosher-for-Passover diet during the Passover holiday.

d. Award plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C § 1988.

e. Award all other proper relief.

                                                *s/ Kenneth J. Falk*
Kenneth J. Falk
No. 6777-49

*s/ Jan P. Mensz*
Jan P. Mensz
No. 33798-49
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
jmensz@aclu-in.org

Attorneys for Plaintiff